## No. 9149.

### COLOMB & GONDOLFO vs. JOHN McQUAID.

In a case where the amount of the principal demand is not sufficient for the jurisdiction of the Supreme Court, but that of the reconventional demand falls under its jurisdiction, if the defendant obtains an order of appeal from the entire judgment in the alternative and furnishes a bond exceeding the amount fixed for the devolutive appeal bond, his appeal will be sustained on his reconventional demand.

The owner of a sugar refinery who contracts to granulate the crop of syrup of another, will not be responsible in damages for shortness of result, and inferior quality of the sugar obtained, unless the effect can be attributed under the evidence to his fault, negligence, want of skill, or to his defective machinery.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburn,* J.

*C. C. Bird* and *A. K. Cross* for Plaintiffs and Appellees.

*Knox & Laycock* and *J. M. Burgess* for Defendant and Appellant.

---

### MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiffs sued on a claim of $956, and defendant claimed in reconvention the sum of $5611 70. Judgment was rendered in favor of plaintiffs for the full amount of their claim, and in favor of defendant on his reconventional demand for $34 50.

Defendant obtained an order of appeal in the alternative, and on a bond according to law, if suspensive, and on a bond of one hundred dollars, if devolutive.

He furnished a bond for $435, which he evidently intended to operate as a bond for a suspensive appeal from the judgment of $956, rendered against him on plaintiffs' demand, as well as from the rejection of his reconventional demand. The motion to dismiss is predicated on that error and urges that the appeal was taken exclusively from the

Colomb & Goudolfo vs. McQuaid.

judgment in favor of plaintiffs, and that it should be dismissed for the two reasons that the bond is insufficient for a suspensive appeal and that the amount of the judgment is not sufficient to give us jurisdiction.

We understand from the petition of appeal that defendant intended to appeal from the entire judgment, both on the principal and on the reconventional demands.

It is very clear that we have no jurisdiction of the amount of plaintiffs' claim and hence we cannot review the judgment on that branch of the case. But the amount of the reconventional demand is within our jurisdiction and the appeal from the judgment on that branch of the case is properly before us, if the bond of appeal is sufficient to maintain the same.

Appellees contend that it is defective even if intended to sustain a devolutive appeal, because it is not in the amount fixed in the order for that kind of appeal, but it is for a much larger sum than the amount thus fixed and hence appellees cannot complain of that feature of the bond. If they could be sufficiently protected by a devolutive appeal bond of $100, they will certainly find greater shelter under a like bond of $1435. We understand the rule as settled in our jurisprudence to the following effect:

"When the order of appeal is in the alternative for a devolutive or suspensive appeal and the bond given is not sufficient for a suspensive appeal but exceeds the amount fixed for a devolutive appeal, it is a sufficient bond for a devolutive appeal. * * *" Chaffe vs. Carroll, 34 A. 122: Montan vs. Whitney, 12 A. 175; Marshall vs. Grand Gulf Company, 5 A. 360.

In this case the bond was intended to sustain a suspensive appeal from a judgment condemning the defendant to pay a specific sum of money and rejecting the much greater portion of his reconventional demand. The suspensive branch of his appeal falls, but the bond is more than sufficient in amount to sustain his appeal in the devolutive form from that branch of the case which involves his reconventional demand and which is sufficient in amount to fall within the jurisdiction of this Court. Lamorere vs. Avery, 32 A. 1008.

Appellees complain that by his irregular proceeding appellant has actually suspended the execution of the moneyed judgment rendered against him. But with that feature of the case we have no concern, as we have no jurisdiction over the judgment in question.

The motion to dismiss is, therefore, denied.

### ON THE MERITS.

Plaintiffs, owners of a large sugar refinery, entered into a contract with the defendant to granulate his crop of syrup of the year 1882, at a stipulated price. They brought this suit to enforce the payment due on their labor under the contract. As stated above, defendant set up a reconventional demand for damages in the sum of $5611 70.

The damages claimed are predicated on two causes of action:

1. The losses incurred by him on account of the deficiency in the quantity and in the quality of the sugar obtained, attributed to the negligence and unskillfulness of plaintiffs in manipulating his syrup.

2. The failure of plaintiffs to return, as agreed upon, his empty barrels, which he needed for the speedy shipments of his syrup to the refinery; in consequence of which he suffered damages by the loss of time of his employés, loss of fuel and of other materials caused by the delay in receiving his barrels, which he estimates at several hundred dollars.

The defense is, that plaintiffs performed faithfully and skillfully their part of the contract, and that the deficiency in the yield of sugar and the defect of its quality must be attributed exclusively to the inferior quality of defendant's syrup.

After a careful study of the voluminous evidence in the record, we reach the conclusion that defendant has failed to substantiate his demand for damages on either of his causes of his action.

Plaintiffs' machinery and apparatus are not shown to be in any way defective. Their skilled laborers in charge of the vacuum pan and centrifugal apparatus are shown to be competent, vigilant and conscientious. Defendant has not even attempted to prove their incompetency and want of skill.

It is in full proof that his syrup was handled with care and promptness, and that every effort was made to obtain the most satisfactory results from his syrup.

From the testimony of plaintiffs' witnesses, it appears that out of 509 barrels of defendant's syrup granulated by them, only 205 barrels were of fair quality and properly limed and boiled; that the balance of the syrup was either not sufficiently limed or limed to excess; that it was gummy, and that the syrup of the last shipments had been produced by frosted cane and was fermenting and turning sour when received at the refinery.

Those facts are sworn to in a positive manner by four disinterested witnesses, whose veracity is not impeached.

The attempt to contradict their evidence by the testimony of other witnesses, who deny that the syrup was sour or in a state of fermentation when they saw it at defendant's sugar-house, or *in transitu*, cannot destroy the positive testimony of the employés of the refinery, who saw and handled the syrup when it was received, when the barrels were opened and the syrup poured into the pan and apparatus.

We also note the testimony of experts to whom samples of the syrup were sent for examination, and who foot up the quantity of sugar which should have been obtained from the number of barrels that were forwarded to the refinery by the defendant, and who state that in their opinion the result obtained by plaintiffs was not satisfactory. But that testimony, although entitled to great respect and due consideration, cannot overcome the stubborn facts testified to by men equally competent, who manipulated the syrup, in machinery shown to have been complete and satisfactory, who show that there was no waste and no robbery of either syrup, sugar or molasses, and who state that no better results could have been obtained under the circumstances.

The fact that sugar precipitates are shown to exist in the barrels of molasses produced from the syrup, is explained to our satisfaction by the evidence of three witnesses (sugar chemists) who had charge of the centrifugals and who state that, owing to the gummy condition of the centrifugals, it was impossible to obtain second sugars, even by the centrifugal process.

Hence, they state that the stuff had to be taken out of the centrifugals and was reboiled to the consistency of molasses, which necessarily contained saccharine matter which subsequently granulated after cooling and was precipitated at the bottom of the barrels as they laid.

The evidence shows that the short quantity and the inferior quality of sugar obtained from defendant's syrup cannot legally or justly be attributed either to the fault, or negligence, or want of skill, honesty or attention of the plaintiffs, or to the insufficiency or defect of their machinery and apparatus. Hence, we conclude that they cannot be held in damages for defendant's losses, if he has sustained any, through plaintiffs' manipulation of his syrup.

It may be that the system itself is unsatisfactory in its results, but that problem is not within the province of the judiciary; it must be solved by the sugar interest and economy.

In reference to the damages alleged to have been caused by the irregularity and delay in the shipment of empty barrels under the contract, we find that, as soon as emptied, the barrels were hauled to the

refinery's landing for shipment and that the delay was caused by the reiterated refusal of the boats to receive and transport them when the steamers were belated, or for other causes, for which plaintiffs cannot be held responsible.

Hence, it follows that defendant cannot recover on this branch of his demand, which has not impressed us as very serious.    It finds no support in law and much less in equity.

We find no error in the judgment appealed from, which is therefore affirmed at appellant's costs on appeal.

Rehearing refused.